# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GENRRY ALBERTO CONTRERAS RANGEL, <br><br> Petitioner, <br><br> v. <br><br> FACILITY ADMINISTRATOR, DIAMONDBACK CORRECTIONAL FACILITY, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-26-1565-SLP |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Genrry Alberto Contreras Rangel, a noncitizen appearing pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Petitioner filed an emergency motion for temporary restraining order to preserve the automatic stay of removal and prevent

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

transfer. Doc. 3. Petitioner asks the Court to order Respondents to not remove him from the United States "while the automatic stay associated with his timely [Board of Immigration Appeals (BIA)] appeal remains in effect," to not transfer him from the Diamondback Correctional Facility or outside of this District while his TRO motion is pending, absent medical emergency or further order of the Court, and, in the alternative, require "at least 72 hours advance written notice to the Court and Petitioner before any transfer." *Id.* at 2. For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion.

## I.    Temporary Restraining Order (TRO) requirements.

Under Rule 65(b)(1), a court may only grant a motion for TRO, without notice, if the moving party has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Petitioner has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion.

The Court should deny the motion for TRO. *See, e.g., Bahadorani v. Bondi,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1

(W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").[3]

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's TRO motion. Doc. 3.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 23, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 2nd day of July, 2026.

---

[3]    The Court has been giving expedited consideration to 28 U.S.C. § 2241 petitions filed by noncitizens in detention. And Petitioner's TRO application is moot in part as the Court has already ordered a response to Petitioner's petition and ordered therein that Respondents must give 72-hour advance notice of any movement of Petitioner outside of the Court's jurisdiction. *See* Doc. 8, at 2.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE