**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GENRRY ALBERTO CONTRERAS RANGEL,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1565-SLP** |
| **FACILITY ADMINISTRATOR, DIAMONDBACK CORRECTIONAL FACILITY, et al.,**[1] | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Genrry Alberto Contreras Rangel, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] Chief United States District Judge Scott L. Palk referred the matter to the undersigned

---

[1] Fred Figueroa, Warden of the Diamondback Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 11, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Respondents filed a Response, and Petitioner has replied. *See* Docs. 11, 12.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide Petitioner with a custody redetermination hearing under 8 U.S.C. § 1226(a) within seven days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Venezuela who entered the United States on or about May 15, 2022. Doc. 1, at 6 & Ex. 3. The Department of Homeland Security (DHS) served Petitioner with a Notice to Appear (NTA), placing him into removal proceedings and charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] *Id.* Ex. 3. DHS issued an order of release on recognizance on May 19, 2022. *Id.* at 6 & Ex. 4.

On January 27, 2026, Dallas County officials arrested Petitioner after a single-vehicle accident. Doc. 1, at 6. His family posted bond, and Immigration

[4] This section, codified at 8 U.S.C. § 1182(a)(6)(A)(i), provides that any noncitizen who is "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

and Customs Enforcement (ICE) took him into custody without any written findings. *Id.*

Petitioner requested a custody review, but the Immigration Judge (IJ) stated he lacked jurisdiction to hold a hearing. *Id.* & Ex. 7. Petitioner states he has a minor son, a U.S.-citizen sponsor, family support, a fixed address, employment history, and prior ICE supervision. *Id.* at 6.

**II. Petitioner's claims.**

Petitioner asserts four claims for relief: (1) wrongful re-detention after his release without a written individualized custody decision; (2) no meaningful bond or custody hearing; (3) his stable family, community ties, and release conditions have not been individually considered; and (4) repeated transfers and unresolved medical needs threaten his access to review records and to receive family support. *Id.* at 6-7. He also argues that his pending appeal before the Board of Immigration Appeals (BIA) does not justify continued detention. Doc. 12, at 2. At bottom, Petitioner contends Respondents unlawfully revoked his release. *See* Doc. 1.

He requests his release under reasonable supervision, or in the alternative, a prompt custody hearing. *Id.* at 7. He also seeks "preservation of the pending BIA stay" and "no transfer without advance notice." *Id.*[5]

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Section 1226 governs Petitioner's detention.

Petitioner asserts his detention is unlawful because he has been denied a pre-deprivation hearing. Doc. 1, at 6-7. Section 1226 governs "the usual removal process." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *1 (N.D. Cal.

---

[5] The Court addressed this last request in its Order for Response, Doc. 8. Petitioner's case before the BIA is pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 4, 2026).

Sept. 12, 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 108 (2020)). The § 1226 process starts when the Government files an NTA with an immigration court. *Id.* Section 1226 then lets the Government arrest and detain noncitizens or release them on bond or on conditional parole. 8 U.S.C. § 1226(a). Release is required if the noncitizen can show they are not a danger and will show up at future hearings. *Salcedo Aceros*, 2025 WL 2637503, at *1 (first citing *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022); and then citing 8 C.F.R. § 236.1(c)(8)). If detention continues, the noncitizen gets a bond hearing before an IJ. *Id.* To be released, noncitizens must show by a preponderance of the evidence that they are unlikely to abscond, and do not pose either a security threat or a threat to the community. *Id.* (citing *Diaz*, 53 F.4th at 1197).

The initial decision to pursue Petitioner's detention "under § 1226(a) precludes the Government from later 'switch[ing] tracks' to subject [him] to mandatory detention under § 1225(b)(2)." *Gutierrez v. Chesnut*, 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (citing *Salcedo Aceros*, 2025 WL 2637503, at *8). The rule is simple: "Sections 1226(a) and 1225(b) cannot be applied simultaneously." *Salcedo Aceros,* 2025 WL 2637503, at *8.

The Court should conclude that § 1226(a) governs Petitioner's detention, not § 1225(b). *See, e.g.*, *Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026)

("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

**B. Petitioner is entitled to relief under § 1226(a).**

When ICE detained Petitioner after he had resided in the country for over three years on conditional parole, he was not subject to mandatory detention under § 1225(b)(2)(A). *Cf. Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."). ICE initially released Petitioner under § 1226. To do so, it had to determine that Petitioner's release "would not pose a danger to property or persons," and that he was "likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). Respondents identify no change in circumstances that required revocation of Petitioner's conditional release or his re-detention. *See* Doc. 11.

Because ICE released Petitioner under § 1226(a), he is entitled to retain the legal protections created by § 1226(a). *See, e.g.*, *Otero v. Kaiser*, 2025 WL 3301056, at *8 (N.D. Cal. Nov. 26, 2025) (finding the petitioner was "protected by the Due Process rights created by § 1226(a)" after the Government initially released the noncitizen under that section). And Respondents cannot erase them by simply "switching tracks." *Salcedo Aceros*, 2025 WL 2637503, at *8; *see, e.g.*, *Barbosa da Cunha v. Freden,* 175 F.4th 61, 70 (2d Cir. 2026)

(concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending"); *cf. Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

**C. Remedy.**

Habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243*; see also United States v. Allen*, 139 F.3d 913 (10th Cir. 1998) ("[I]f the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990))). The undersigned finds that Respondents' misapplication of the INA requires a prompt custody redetermination hearing.[6]

[6] The undersigned finds it unnecessary to reach Petitioner's remaining claims about repeated transfers and his conditions of confinement, as those are not matters the Court can consider in a habeas action. *Sanchez v. Warden*, No. CIV-26-318-SLP, 2026 WL 1623020, at *4 (W.D. Okla. Mar. 26, 2026) (R&R)

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant in part** Petitioner's habeas application and **order Respondents to provide Petitioner with a custody redetermination hearing under 8 U.S.C. § 1226(a) within seven days or else release Petitioner.**

**The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facilit**y.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 12, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely

---

(same), *adopted on other grounds*, 2026 WL 1347428, at *2 (W.D. Okla. May 14, 2026).

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they

objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 5th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

need not be in every instance – particularly where strict application would undermine the habeas review process").